1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MICHAEL DELARM,                           No.  2:  15-cv-2258 KJM KJN P

12             Plaintiff,

13      v.                                     ORDER

14   G. GROWE, et al.,

15             Defendants.

16

17        Plaintiff is a state prisoner, proceeding without counsel.  Plaintiff seeks relief pursuant to

18   42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

19   § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.

20   § 636(b)(1).

21        Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).

22   Accordingly, the request to proceed in forma pauperis will be granted.

23        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.

24   28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing

25   fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will

26   direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account

27   and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly

28   payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

1   These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

2   the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

3   § 1915(b)(2).

4        The court is required to screen complaints brought by prisoners seeking relief against a

5   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

6   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

7   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

8   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

9        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

10   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

11   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

12   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

13   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

14   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

15   Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

16   2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

17   meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

18   1227.

19        Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

20   statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

21   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

22   Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

23   In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

24   formulaic recitation of the elements of a cause of action;" it must contain factual allegations

25   sufficient "to raise a right to relief above the speculative level."  Id. at 555.  However, "[s]pecific

26   facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what

27   the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93

28   (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).

1  In reviewing a complaint under this standard, the court must accept as true the allegations of the

2  complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most

3  favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other

4  grounds, Davis v. Scherer, 468 U.S. 183 (1984).

5        Named as defendants are G. Growe, C. Davis, S. Peery, R. St. Andre, Flaherty, R. Dreith,

6  R. Fuller, G. Hale, D. Clark, L. Lopez, L. Bolls, C.R. Amrein, R.L. Briggs, J.A. Zamor, K.J.

7  Allen, D. Voston, and J. Beard.  Plaintiff's complaint contains three causes of action.

8        *First Cause of Action*

9        In his first cause of action, plaintiff alleges that he was denied his right to access the

10  courts.  Plaintiff alleges that his federal habeas corpus petition filed in this court, i.e., CIV S 11-

11  0750 CKD P, was found to be barred by the statute of limitations.  Plaintiff alleges that the

12  district court in 11-0750 rejected his argument for equitable tolling based on inadequate law

13  library access and inadequate access to copying services.   In the instant action, plaintiff claims

14  that defendants prevented him from obtaining the records that would have proved he was entitled

15  to equitable tolling in 11-0750.  Plaintiff alleges that the district court in 11-0750 would have

16  found him entitled to equitable tolling had he been able to submit these records.   For the reasons

17  stated herein, the undersigned finds that plaintiff's access to the courts claim is barred by Heck v.

18  Humphrey, 512 U.S. 477 (1994).

19        In Heck v. Humphrey, the Supreme Court held "habeas corpus is the exclusive remedy for

20  a state prisoner who challenges the fact or duration of his confinement and seeks immediate or

21  speedier release, even though such a claim may come within the literal terms of § 1983."  Heck,

22  512 U.S. 477, 481 (1994).  Thus, a plaintiff cannot maintain a § 1983 action to recover damages

23  for "harm caused by actions whose unlawfulness would render [his] conviction or sentence

24  invalid" when his sentence and conviction have not previously been reversed, expunged, declared

25  invalid, or called into question upon issuance of a writ of habeas corpus by a federal court.  Id. at

26  486–87.

27        The Seventh Circuit, and several Ninth Circuit district courts, have held that until an

28  inmate's conviction or sentence has been overturned, he cannot bring claims for damages for

denial of access to legal materials or legal assistance to aid him in challenging some aspect of his

conviction or sentence.  The undersigned quotes herein from Koch v. Jester, 2014 WL 3783961 at

*5 (D. Or. 2014), which addressed this issue:

> Although the Ninth Circuit has not addressed the intersection of the First Amendment and Heck as they apply to an inmate's claim for denial of access to the courts, the Seventh Circuit and several district courts in the Ninth Circuit have addressed the issue and held Heck bars such claims. For example, in Burd v. Sessler, 702 F.3d 429 (7th Cir. 2012), the plaintiff brought a claim under § 1983 for damages against prison officials alleging they denied him access to the courts in violation of the First Amendment when they prevented him from using library resources to prepare a motion to withdraw his guilty plea. The plaintiff's conviction had not been reversed, expunged, declared invalid, or called into question upon issuance of a writ of habeas corpus by a federal court before the plaintiff filed his § 1983 action. The defendant moved to dismiss the plaintiff's claim on the ground that it was barred by Heck because the plaintiff's conviction had not been reversed. The plaintiff asserted the "favorable termination requirement of Heck ... [was] inapplicable because an award of damages for having been denied an opportunity to research his motion to withdraw his plea or his right to appeal his sentence would not necessarily imply that his conviction or sentence is invalid." Id. at 432. Specifically, the plaintiff asserted

>> his access-to-courts claim [did] not challenge directly his underlying criminal conviction, despite the fact that ... he sought access to the courts to withdraw his guilty plea. Invoking Lewis v. Casey ... and Christopher v. Harbury, 536 U.S. 403 (2002), [the plaintiff] further argue[d] that "the loss of an opportunity to seek some particular order of relief" can form the basis of an access-to-courts claim. Harbury, 536 U.S. at 414 (emphasis added). Consequently, [the plaintiff] maintain[ed] that he need only demonstrate that his lost, underlying claim—here, a lost opportunity to withdraw a guilty plea or to appeal—would have been non-frivolous or "arguable," not that it would have been successful.

> Id. at 433. The district court rejected the plaintiff's argument and granted the defendant's motion to dismiss on the ground that "a favorable determination on [the plaintiff's] damages claim necessarily would imply the invalidity of [the plaintiff's] conviction," and, therefore, the plaintiff's claim was barred by Heck. The Seventh Circuit affirmed the district court and noted the plaintiff's argument gave "too crabbed a reading to the scope of the bar established in Heck." Id. The Seventh Circuit pointed out that it had concluded in an earlier case (Hoard v. Reddy, 175 F.3d 531 (7th Cir.1999)) "'that only prospective relief is available in a prisoner's suit complaining of denial of access to the courts unless he has succeeded in getting his conviction annulled, since otherwise an effort to obtain damages would be blocked by Heck.'" Burd,

4

702 F.3d at 433 (quoting <u>Hoard</u>, 175 F.3d at 533). Although the Seven Circuit acknowledged that ruling "seem[s] paradoxical alongside Lewis's holding that a § 1983 plaintiff in an access-to-courts case needs only a non-frivolous, rather than meritorious, claim," the Seventh Circuit, nevertheless, concluded the following after examining <u>Lewis</u>, <u>Heck</u>, and other cases:

> Because the underlying claim for which [the plaintiff] sought access to the prison law library was the opportunity to withdraw his guilty plea, he cannot demonstrate the requisite injury without demonstrating that there is merit to his claim that he should have been able to withdraw the plea. Such a showing necessarily would implicate the validity of the judgment of conviction that he incurred on account of that guilty plea. The rule in <u>Heck</u> forbids the maintenance of such a damages action until the plaintiff can demonstrate his injury by establishing the invalidity of the underlying judgment. Accordingly, we conclude that [the plaintiff] has not established a basis for recovering any type of damage relief under § 1983.

<u>Id.</u> at 434–35.

District courts in the Ninth Circuit have followed the reasoning of the Seventh Circuit and concluded pursuant to <u>Heck</u> that, until their conviction or sentence has been overturned, inmates cannot bring claims for damages for denial of access to legal materials or legal assistance to aid them in challenging some aspect of their conviction or sentence. <u>See</u>, <u>e.g.</u>, <u>Gregory v. County of San Diego</u>, No. 13-cv- 1016 WQH JMA, 2013 WL 5670928, at *5 (S.D.Cal. Oct.15, 2013); <u>Collins v. Corr. Corp. of Am.</u>, No. 3: 10-cv-0697 RCJ V, 2011 WL 768709, at *2 (D.Nev. Jan.26, 2011); <u>Cole v. Sisto</u>, Civ. No. S–09–0364 KJM P, 2009 WL 2230795, at *4 (E.D.Cal. July 24, 2009).

<u>Koch v. Jester</u>, 2014 WL 3783961 at * 5.

In the instant case, plaintiff seeks money damages on grounds that defendants violated his right to access the courts by preventing him from obtaining records that would have supported a claim for equitable tolling in his federal habeas petition.  The undersigned agrees with the reasoning of the Seventh Circuit and the district courts discussed above, that claims by prisoners for damages based on alleged denial of access to the law library, etc., to aid them in challenging some aspect of their conviction or sentence, are <u>Heck</u> barred unless the conviction or sentence has been overturned.  Plaintiff's conviction has not been overturned.  Accordingly, plaintiff's claim alleging that defendants' failure to assist him in obtaining records in support of his claim for equitable tolling is <u>Heck</u> barred.

1       *Second Cause of Action*

2              In his second cause of action, plaintiff alleges that defendant Growe improperly denied

3       plaintiff's six requests for records regarding rolling lockdown days, the days the law library was

4       closed, plaintiff's arrest records, any grievances filed regarding the denial of law library access,

5       any grievances filed regarding the denial of copying services and all CDCR 128-G forms issued

6       by defendant Davis.  Apparently, these are the records plaintiff's claims would have demonstrated

7       that he was entitled to equitable tolling in his federal habeas petition.

8              Plaintiff alleges that defendant Growe's denial of these requests violated the California

9       Information Practices Act (Cal. Civil Code § 1798.34) and constituted negligence and fraud in

10      violation of state law.  Plaintiff may also be alleging a violation of the California Public Records

11      Act (Cal. Govt. Code § 6523).

12             Because plaintiff has not stated a potentially colorable constitutional claim, as discussed

13      above and herein, the undersigned need not address the merits of these state law claims.

14      *Third Cause of Action*

15             In his third cause of action, plaintiff alleges that the California Department of Corrections

16      and Rehabilitation ("CDCR") has no procedures for logging responses to administrative appeals

17      sent to inmates through the regular mail.  Plaintiff alleges that defendants, and CDCR, fail to use

18      the Inmate Tracking System ("ITS"), which would allow them to record when responses to

19      appeals are mailed to inmates.  Plaintiff alleges that because defendants do not record when

20      responses to grievances are mailed back to inmates, inmates are left to believe that they have

21      thirty days from the date they received the grievance to re-submit their appeal.  Plaintiff is

22      apparently claiming that inmates have thirty days to re-submit their grievances from the date the

23      grievance is mailed to them, a date which is apparently difficult for inmates to determine.

24             The legal grounds of plaintiff's claim challenging defendants' failure to use the ITS to

25      track his appeals is not clear.  It appears that plaintiff is alleging a violation of his right to due

26      process.  However, inmates have no liberty interest to a particular grievance process.  See

27      Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (failure to process prisoner's grievances not

28      actionable under Section 1983); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) (prisoners

1   have no stand-alone due process rights related to the administrative grievance process); <u>Ramirez</u>

2   <u>v. Galaza</u>, 334 F.3d 850, 860 (there is no liberty interest entitling prisoners to a specific grievance

3   process).  Accordingly, plaintiff's due process claim is without merit.

4        Plaintiff also alleges that responses to grievances are often mailed without an envelope,

5   which violates his right to confidential legal mail.

6        The issue of whether a prison official can open *legal* materials outside of an inmate's

7   presence is considered under the First Amendment.  Prisoners enjoy a First Amendment right to

8   send and receive mail.  <u>See</u> <u>Witherow v. Paff</u>, 52 F.3d 264, 265 (9th Cir. 1995) (citing

9   <u>Thornburgh v. Abbott</u>, 490 U.S. 401, 407 (1989)).  A prison, however, may adopt regulations or

10   practices which impinge on a prisoner's First Amendment rights as long as the regulations are

11   "reasonably related to legitimate penological interests."  <u>See</u> <u>Turner v. Safley</u>, 482 U.S. 78, 89

12   (1987).  Prison officials may institute procedures for inspecting "legal mail," <u>e.g.</u>, mail sent

13   between attorneys and prisoners.  <u>See</u> <u>Wolff v. McDonnell</u>, 418 U.S. 539, 576–77 (1974)

14   (incoming mail from attorneys).  But the opening and inspecting of "legal mail" outside the

15   presence of the prisoner may have an impermissible "chilling" effect on the constitutional right to

16   petition the government.  <u>See</u> <u>O'Keefe v. Van Boening</u>, 82 F.3d 322, 325 (9th Cir. 1996) (citing

17   <u>Laird v. Tatum</u>, 408 U.S. 1, 11 (1972)).

18        In order to be classified as "confidential mail" or "legal mail," the California Code of

19   Regulations provides:

20        Incoming letters must show the name, title, return address and the
21        office of persons listed in Section 3141 on the outside of the
        envelope to be processed as confidential correspondence. An
22        attorney's return address must match the address listed with the
        State Bar. A notice or request for confidentiality is not required on
23        the envelope. Correspondence that is appropriately addressed with a
        return address that indicates it may be confidential shall be
24        processed and treated as confidential correspondence whether or
        not it is stamped as such.

25        (a) Designated staff shall open the letter in the presence of the
        addressed inmate at a designated time and place. Staff shall not read
26        any of the enclosed material. Staff shall remove the pages and
        shake them to ensure the absence of prohibited material.

27

28        (b) Inmates shall sign for all confidential mail at the time of
        delivery. This shall be accomplished by use of a permanent logbook

7

1    or use of receipts. If receipts are used, the receipts shall be
2    forwarded to the mailroom for filing. The log book at a minimum
     must record the date of delivery, the inmates name and
3    departmental identification number, and the senders name and
     address.

4    Cal.Code. Regs. tit. 15, § 3143.

5          Responses to administrative grievances are not listed in Cal. Code Regs. Tit. 15, § 3141.

6    Therefore, prison officials are not required to treat them as confidential mail.

7          The opening of non-legal mail outside the inmate's presence, to inspect it for contraband,

8    does not violate an inmate's First Amendment rights.  See Smith v. Boyd, 945 F.2d 1041, 1043

9    (8th Cir. 1991) (upholding inspection of incoming mail).

10         The undersigned does not understand how a response to a grievance could be sent through

11   the regular mail without an envelope, as alleged by plaintiff.  Plaintiff should clarify this matter if

12   he files an amended complaint.  Without clarification of this issue, the undersigned cannot

13   evaluate the merits of this claim.  To the extent plaintiff is alleging that the responses to his

14   administrative grievances are sent through the United States Postal Service, any claim that the

15   envelopes they are sent in are improperly opened for inspection fails to state a potentially

16   colorable claim for relief.

17         If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

18   about which he complains resulted in a deprivation of plaintiff's constitutional rights.  Rizzo v.

19   Goode, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms how each

20   named defendant is involved.  Id.  There can be no liability under 42 U.S.C. § 1983 unless there is

21   some affirmative link or connection between a defendant's actions and the claimed deprivation.

22   Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743

23   (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil

24   rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

25         In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

26   make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

27   complaint be complete in itself without reference to any prior pleading.  This requirement exists

28   because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

8

1  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

2  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

3  original complaint, each claim and the involvement of each defendant must be sufficiently

4  alleged.

5       In accordance with the above, IT IS HEREBY ORDERED that:

6       1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

7       2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

8  is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

9  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

10  Director of the California Department of Corrections and Rehabilitation filed concurrently

11  herewith.

12       3.  Plaintiff's complaint is dismissed.

13       4.  Within thirty days from the date of this order, plaintiff shall complete the attached

14  Notice of Amendment and submit the following documents to the court:

15       a.  The completed Notice of Amendment; and

16       b.  An original and one copy of the Amended Complaint.

17  Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

18  Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must

19  also bear the docket number assigned to this case and must be labeled "Amended Complaint."

20  Failure to file an amended complaint in accordance with this order may result in the dismissal of

21  this action.

22  Dated:  April 6, 2016

23

24  KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

25

26

27  Delarm2258.14.

28

9

1
2
3
4
5
6
7
8                                  UNITED STATES DISTRICT COURT

9                              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MICHAEL DELARM,                              No.  2:  15-cv-2258 KJM KJN P

12                    Plaintiff,

13          v.                                     NOTICE OF AMENDMENT

14    G. GROWE, et al.,

15                    Defendants.

16

17          Plaintiff hereby submits the following document in compliance with the court's order

18    filed_____.

19                  _____          Amended Complaint

20    DATED:

21

22                                          _____
                                            Plaintiff

23

24

25

26

27

28
                                             10