UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DELARM, | No. 2: 15-cv-2258 KJM KJN P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| G. GROWE, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On April 6, 2016, the undersigned dismissed plaintiff's complaint with leave to amend. (ECF No. 7.) Pending before the court is plaintiff's amended complaint. (ECF No. 10.) For the following reasons, the undersigned recommends that this action be dismissed.

Plaintiff alleges that he was denied his right to access the courts in connection with his federal habeas corpus petition. The original complaint identified this petition as having been filed in this court and assigned case number CIV S-11-0750 CKD P. It is clear that the amended complaint refers to the same petition. On December 1, 2011, the court in CIV S-11-cv-0750 CKD P granted respondent's motion to dismiss on grounds that the petition was barred by the statute of limitations.[1] In the order granting the motion to dismiss, the court in CIV S 11-cv-0750

---

[1] Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981).

1

1  CKD P rejected the plaintiff's argument that he was entitled to equitable tolling due to inadequate
2  access to the law library and photocopy services.
3  　　　In the instant action, plaintiff raises three claims alleging violation of his constitutional
4  right to access the courts in connection with the dismissal of his federal habeas petition. Plaintiff
5  seeks money damages.
6  　　　In his first access to the courts claim, plaintiff alleges that he was unable to file a timely
7  federal habeas petition due to inadequate access to the law library and photocopying services. In
8  essence, plaintiff raises the claim for equitable tolling raised in CIV S-11-cv-0750 CKD P.
9  　　　In his second access to the courts claim, plaintiff alleges that his requests for records that
10 would have supported his claim for equitable tolling were improperly denied. These records
11 apparently would have demonstrated that he did not receive adequate access to the law library and
12 photocopy services. Plaintiff alleges that he requested these records in support of his appeal from
13 the district court order dismissing his habeas petition as untimely.
14 　　　In his third access to the courts claim, plaintiff alleges that other requests for records that
15 would have supported his claim for equitable tolling were denied. Plaintiff alleges that these
16 records would have been submitted to the district court in support of his motion for relief from
17 judgment filed pursuant to Federal Rule of Civil Procedure 60(b).
18 　　　For the reasons stated herein, the undersigned finds that plaintiff's access to the courts
19 claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994).
20 　　　In Heck v. Humphrey, the Supreme Court held "habeas corpus is the exclusive remedy for
21 a state prisoner who challenges the fact or duration of his confinement and seeks immediate or
22 speedier release, even though such a claim may come within the literal terms of § 1983." 512
23 U.S. 477, 481 (1994). Thus, a plaintiff cannot maintain a § 1983 action to recover damages for
24 "harm caused by actions whose unlawfulness would render [his] conviction or sentence invalid"
25 when his sentence and conviction have not previously been reversed, expunged, declared invalid,
26 or called into question upon issuance of a writ of habeas corpus by a federal court. Id. at 486–87.
27 　　　The Seventh Circuit, and several Ninth Circuit district courts, have held that until an
28 inmate's conviction or sentence has been overturned, he cannot bring claims for damages for

2

denial of access to legal materials or legal assistance to aid him in challenging some aspect of his conviction or sentence. The undersigned quotes herein from Koch v. Jester, 2014 WL 3783961 at *5 (D. Or. 2014), which addressed this issue:

> Although the Ninth Circuit has not addressed the intersection of the First Amendment and Heck as they apply to an inmate's claim for denial of access to the courts, the Seventh Circuit and several district courts in the Ninth Circuit have addressed the issue and held Heck bars such claims. For example, in Burd v. Sessler, 702 F.3d 429 (7th Cir. 2012), the plaintiff brought a claim under § 1983 for damages against prison officials alleging they denied him access to the courts in violation of the First Amendment when they prevented him from using library resources to prepare a motion to withdraw his guilty plea. The plaintiff's conviction had not been reversed, expunged, declared invalid, or called into question upon issuance of a writ of habeas corpus by a federal court before the plaintiff filed his § 1983 action. The defendant moved to dismiss the plaintiff's claim on the ground that it was barred by Heck because the plaintiff's conviction had not been reversed. The plaintiff asserted the "favorable termination requirement of Heck ... [was] inapplicable because an award of damages for having been denied an opportunity to research his motion to withdraw his plea or his right to appeal his sentence would not necessarily imply that his conviction or sentence is invalid." Id. at 432. Specifically, the plaintiff asserted
>
>> his access-to-courts claim [did] not challenge directly his underlying criminal conviction, despite the fact that ... he sought access to the courts to withdraw his guilty plea. Invoking Lewis v. Casey ... and Christopher v. Harbury, 536 U.S. 403 (2002), [the plaintiff] further argue[d] that "the loss of an opportunity to seek some particular order of relief" can form the basis of an access-to-courts claim. Harbury, 536 U.S. at 414 (emphasis added). Consequently, [the plaintiff] maintain[ed] that he need only demonstrate that his lost, underlying claim—here, a lost opportunity to withdraw a guilty plea or to appeal—would have been non-frivolous or "arguable," not that it would have been successful.
>
> Id. at 433. The district court rejected the plaintiff's argument and granted the defendant's motion to dismiss on the ground that "a favorable determination on [the plaintiff's] damages claim necessarily would imply the invalidity of [the plaintiff's] conviction," and, therefore, the plaintiff's claim was barred by Heck. The Seventh Circuit affirmed the district court and noted the plaintiff's argument gave "too crabbed a reading to the scope of the bar established in Heck." Id. The Seventh Circuit pointed out that it had concluded in an earlier case (Hoard v. Reddy, 175 F.3d 531 (7th Cir. 1999)) "'that only prospective relief is available in a prisoner's suit complaining of denial of access to the courts unless he has succeeded in getting his conviction annulled, since otherwise an effort to obtain damages would be blocked by Heck.'" Burd,

3

> 702 F.3d at 433 (quoting Hoard, 175 F.3d at 533). Although the Seven Circuit acknowledged that ruling "seem[s] paradoxical alongside Lewis's holding that a § 1983 plaintiff in an access-to-courts case needs only a non-frivolous, rather than meritorious, claim," the Seventh Circuit, nevertheless, concluded the following after examining Lewis, Heck, and other cases:
>
>> Because the underlying claim for which [the plaintiff] sought access to the prison law library was the opportunity to withdraw his guilty plea, he cannot demonstrate the requisite injury without demonstrating that there is merit to his claim that he should have been able to withdraw the plea. Such a showing necessarily would implicate the validity of the judgment of conviction that he incurred on account of that guilty plea. The rule in Heck forbids the maintenance of such a damages action until the plaintiff can demonstrate his injury by establishing the invalidity of the underlying judgment. Accordingly, we conclude that [the plaintiff] has not established a basis for recovering any type of damage relief under § 1983.
>
> Id. at 434–35.
>
> District courts in the Ninth Circuit have followed the reasoning of the Seventh Circuit and concluded pursuant to Heck that, until their conviction or sentence has been overturned, inmates cannot bring claims for damages for denial of access to legal materials or legal assistance to aid them in challenging some aspect of their conviction or sentence. See, e.g., Gregory v. County of San Diego, No. 13-cv- 1016 WQH JMA, 2013 WL 5670928, at *5 (S.D.Cal. Oct.15, 2013); Collins v. Corr. Corp. of Am., No. 3: 10-cv-0697 RCJ V, 2011 WL 768709, at *2 (D.Nev. Jan.26, 2011); Cole v. Sisto, Civ. No. S–09–0364 KJM P, 2009 WL 2230795, at *4 (E.D.Cal. July 24, 2009).

Koch v. Jester, 2014 WL 3783961 at * 5.

The undersigned agrees with the reasoning of the Seventh Circuit and the district courts discussed above, that claims by prisoners for damages based on alleged denial of access to the law library, etc., to aid them in challenging some aspect of their conviction or sentence, are Heck barred unless the conviction or sentence has been overturned. Plaintiff is claiming that by denying him his right to access the courts, as alleged, he was prevented from filing a timely federal petition. Accordingly, because plaintiff's conviction has not been overturned, his access to the courts claims are Heck barred. On these grounds, this action should be dismissed.

On October 30, 2015, plaintiff filed a motion requesting service of the original complaint. (ECF No. 3.) Because the court dismissed the original complaint with leave to amend, plaintiff's

4

motion for service is denied.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for service (ECF No. 3) is denied; and

IT IS HEREBY RECOMMENDED that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 29, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Del2258.dis